UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| vs. ) | 1:05-cv-1517-TWP-DML |
| ) | |
| JAMES COLVIN, ) | |
| ) | |
| Defendant. ) | |

**Entry Granting Motion for Evidentiary Hearing**

James Colvin seeks an evidentiary hearing on his motion for relief pursuant to 28 U.S.C. § 2255 (dkt 15). "A § 2255 petitioner is entitled to an evidentiary hearing on his claim where he alleges facts that, if true, would entitle him to relief." *Lafuente v. United States*, 2010 WL 3189367, *2 (7th Cir. August 13, 2010) (citing *Sandoval v. United States*, 574 F.3d 847, 850 (7th Cir. 2009); *Hall v. United States*, 371 F.3d 969, 972 (7th Cir. 2004)).

Colvin argues that he is entitled to relief pursuant to § 2255 because he received ineffective assistance of trial counsel.[1] A defendant's trial counsel must reasonably investigate the facts underlying the charge against his client. *See Bruce v. United States*, 256 F.3d 592, 597-98 (7th Cir. 2000); *Washington v. Smith*, 219 F.3d 620, 629-31 (7th Cir. 2000). Less than complete investigation is "reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation." *Strickland v. Washington*, 466 U.S. 688, 690-91 (1984).

To warrant further investigation, a petitioner must support a request with more than "mere unsupported assertions." *Lafuente,* 2010 WL 3189367 at *2. Colvin has provided corroborating evidence in support of his argument that if the omitted witnesses and their testimony had been investigated, developed and presented, there is a reasonable probability that the jury would have rejected the stories of the Government's three key witnesses, Travis Funke, Kyle Stacy, and Lee Mathis, and found reasonable doubt regarding Colvin's involvement in the conspiracy. The facts alleged in support of this argument are the following:

---

[1] Based on Colvin's supplemental brief in support of his motion for evidentiary hearing (dkt 53) it appears that Colvin has abandoned his argument that he is entitled to relief pursuant to § 2255 based on his claim that he was unable to hear what was being said at his trial. If Colvin does not intend to abandon this claim, he shall have **through September 15, 2010,** in which to **explain** why he has not committed procedural default with respect to it. *See Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996).

- Trial counsel made no effort before trial to interview the Government's three key witnesses, Travis Funke, Kyle Stacy, and Lee Mathis.

- The 302's and grand jury transcripts disclosed to defense counsel before trial showed that Jennifer Gordon, Deann Eldridge, Anthony Berry, and Jeffery Berry possessed information that contradicted the Government witnesses' story and exculpated Colvin.

- Jeffery Berry claims that he informed Colvin's trial counsel that there were a number of witnesses, including himself, who were available to testify in Colvin's defense.

- Colvin's trial counsel made no effort to independently investigate Funke's criminal history. Funke was being prosecuted in the Howard Superior Court 2 for theft when he changed his story to F.B.I. agents. This theft charge arose from allegations that Funke had stolen Colvin's guns. Funke was in jail on this charge when he made his first statements to Government agents that Colvin was involved in the cross burnings.

Colvin's allegations, if believed, could entitle him to relief. Accordingly, Colvin's motion for an evidentiary hearing is therefore **granted.**

Counsel for the parties are to contact the courtroom deputy clerk of the undersigned to determine the optimal time for the evidentiary hearing to be scheduled.

**IT IS SO ORDERED.**

Date: 09/06/2010

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

Gerald A. Coraz
UNITED STATES ATTORNEY'S OFFICE
gerald.coraz@usdoj.gov

Brent Westerfeld
bwesterfeld@wkelaw.com

Charles Goodloe, Jr
United States Attorney's Office
charles.goodloe@usdoj.gov